# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **TYLER JUSTIN ASHTON,** | **No. 12-02025-JDP** |
| Debtor. | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Jeremy Gugino, Boise, Idaho, Chapter 7 Trustee.

    Brian Matthew DeFriez, Nampa, Idaho, Attorney for Debtor.

### *Introduction*

Jeremy Gugino, chapter 7[1] trustee ("Trustee"), objects to debtor Tyler Justin Ashton's ("Debtor") claim that his 2003 Jayco fifth wheel trailer ("the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

Trailer") is exempt as his homestead under Idaho Code §§ 55-1001, 1002 and 1003. Dkt. No. 15. The Court conducted an evidentiary hearing concerning Trustee's objection on December 5, 2012 and took the issues under advisement. After due consideration of the submissions of the parties, the testimony presented, the arguments of counsel, and the applicable law, this Memorandum constitutes the Court's findings, conclusions and resolution. Fed. R. Bankr. P. 7052; 9014.

*Facts*

The facts are largely undisputed. For about two years, Debtor has worked for Major Drilling, exclusively in Nevada. Typically, Debtor works twenty days, and then has ten days off. To facilitate this arrangement, in October 2011, Debtor's grandmother, Annabeth Blecha, purchased a twenty-eight foot fifth-wheel trailer ("Trailer"), for Debtor's use while away at work. Debtor moved the Trailer to Nevada shortly after its purchase, and it has been parked there continuously since that time. Debtor's work has been based out of either Winnemucca or Elko, Nevada.

MEMORANDUM OF DECISION – 2

He keeps the Trailer in a rented space at an RV park wherever he is working, where it is connected to water and power.

Debtor's spouse[2] and daughter live in a rented apartment in Boise. He returns to Boise on his days off and lives in the apartment while there. Occasionally, Debtor's wife and daughter visit him in Nevada, staying in the Trailer during their visits. Debtor only goes to Nevada for work, and has no plans to move there permanently. Ms. Blecha, Debtor's grandmother, also resides in Idaho.

Debtor acknowledges he has always been an Idaho resident, and that he and his spouse own no real estate in Idaho. The Trailer and its contents are his only assets in Nevada, and if Debtor were to lose his job or change employers, he believes he would return with the Trailer to Idaho, though he would likely place the Trailer in storage and continue to reside in the Boise apartment.

The Trailer has an Idaho certificate of title and an Idaho registration.

---

[2] Debtor's wife did not join in the bankruptcy petition.

MEMORANDUM OF DECISION – 3

Exhs. 101, 102. The title provides that Debtor "or" his wife "or" Annabeth Blecha are the owners of the Trailer. The address listed on both the Trailer's title and registration is Debtor's Boise apartment. Debtor files Idaho tax returns and pays taxes to Idaho, always votes in Idaho, and all of Debtor's vehicles, including the Trailer, bear Idaho license plates.

On August 20, 2012, Debtor filed a chapter 7 bankruptcy petition and claimed the Trailer exempt as his homestead pursuant to Idaho Code §§ 55-1001, 1002 and 1003.[3] Dkt. No. 1. He claimed the full value of the homestead exemption, $100,000, although he only values the Trailer at $10,000. *Id*. at scheds. B, C.

Trustee objected to Debtor's claim of exemption in the Trailer, arguing that Idaho's homestead exemption statutes have no extraterritorial effect, and that the Trailer is not Debtor's principal residence.

*Analysis and Disposition*
**I.**

---

[3] Debtor did not execute and record a declaration of homestead for the Trailer. While the evidence indicates that he attempted to do so, for unspecified reasons, he was unsuccessful in completing that process.

MEMORANDUM OF DECISION – 4

When Debtor filed his petition, a bankruptcy estate was created, comprised of all of his legal and equitable interests in property as of the commencement of the case. § 541(a)(1). However, if the necessary requirements are met, Debtor may protect certain types of exempt property from Trustee's reach. *See* § 522(b)(1). Idaho debtors may access only those exemptions provided under Idaho law, as well as those listed in § 522(b)(3). Idaho Code § 11-609; § 522(b)(3).

Idaho law permits a debtor to claim an exemption in a qualifying homestead. Idaho Code § 55-1001, *et seq.*; *In re Field*, 05.1 I.B.C.R. 11, 13 (Bankr. D. Idaho 2005); *In re Yackley*, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003). A homestead exemption is established either automatically, by the debtor's occupation of a home as his principal residence, or through the execution and recordation of an appropriate declaration. Idaho Code § 55-1004(2); *In re Moore*, 269 B.R. 864, 869 (Bankr. D. Idaho 2001). Once properly established, a debtor may exempt up to $100,000 in equity in the home. Idaho Code § 55-1003.

MEMORANDUM OF DECISION – 5

Debtor's exemption rights are fixed as of the petition date. *In re Almgren,* 08.1 I.B.C.R. 3, 3 (Bankr. D. Idaho 2008). Because Trustee is the objecting party, he bears the burden of proving an exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006). Once Trustee produces evidence sufficient to rebut the validity of the claimed exemption, the burden shifts to Debtor to put forth evidence to demonstrate that his claimed homestead exemption is valid. *In re Cerchione*, 414 B.R. 540, 549 (9th Cir. BAP 2009). The homestead exemption statutes are liberally construed in favor of the debtor. *In re Cerchione,* 398 B.R. at 703; *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

## II.

As used in the Idaho exemptions statute, the term "Homestead":

> means and consists of the dwelling house or the
> mobile home in which the owner resides or
> intends to reside . . . A mobile home may be
> exempted under this chapter whether or not it is

MEMORANDUM OF DECISION – 6

> permanently affixed to the underlying land and whether or not the mobile home is placed upon a lot owned by the mobile home owner. Property included in the homestead must be actually intended or used as a principal home for the owner.

Idaho Code § 55-1001(2). This Court has previously held that a fifth wheel trailer can qualify under the definition of a "mobile home" under Idaho law. *In re Gandenberger*, 02.4 IBCR 169, 170 (Bankr. D. Idaho 2002). As a result, the fact that the Trailer in this case is parked on land that Debtor rents, but does not own, is not an impediment to Debtor's homestead exemption claim.

As noted above, under Idaho law, a valid homestead may be established in either of two ways: automatically or by declaration. Idaho Code § 55-1004(1). Because Debtor filed no declaration of homestead, he must meet the requirements for an automatic homestead in order for the Trailer to be exempt.

### III.

In Idaho, an automatic homestead arises "from and after the time

MEMORANDUM OF DECISION – 7

Document Page 8 of 12

the property is occupied as a principal residence by the owner . . . ." Idaho Code § 55-1004(1). There is no doubt that Debtor "occupies" the Trailer. Thus, in this case, the critical issue is whether the Trailer is Debtor's principal residence. On this record, the Court finds that it is not.

It is well-established that a person may have more than one residence, hence the Idaho Legislature's use of the modifier "principal" to qualify "residence", which serves to distinguish a homestead from other residences a debtor may occupy. *In re Kline*, 05.3 IBCR 65, 66 (Bankr. D. Idaho 2005) (citing *In re Halpin*, 94 IBCR 197, 197 (Bankr. D. Idaho 1994)). The term "principal residence" is not defined in the Idaho Code. The closest thing to a definition is found in the Idaho Motor Vehicle Code, which requires Idaho residents to provide their principal residence or domicile address to the assessor to register a vehicle. Idaho Code § 49-401B(5). The statute continues: "[a] principal residence or domicile shall not be a person's workplace, vacation, or part-time residence." *Id*.

In determining whether a debtor's residence is a *principal* residence,

MEMORANDUM OF DECISION – 8

the Court considers the facts on a case-by-case basis. *See, e.g. In re Capps*, 438 B.R. 668 (Bankr. D. Idaho 2010) (debtor owned homes in both Idaho and Colorado; Court looked at the facts and determined primary residence was in Idaho); *In re Kline*, 05.3 IBCR at 67 (Court considered the facts of the case to determine if debtors' principle residence was in Utah or at cabin in Idaho).

Here, Debtor testified that he considers his principal residence to be the Trailer parked in Nevada. However, that is a legal conclusion, and the facts suggest otherwise. While Debtor spends roughly two-thirds of his time in Nevada, during which he lives in the Trailer, that is the sole fact supporting his conclusion. All other relevant facts tend to indicate that the rented apartment in Boise is Debtor's principal residence.

First, Debtor acknowledged that his family resides at the apartment, and that he votes, pays taxes, licenses all his vehicles (including the Trailer), and receives his mail at the Boise address. Second the fact that Debtor listed the Boise apartment on the Trailer's registration indicates

MEMORANDUM OF DECISION – 9

that he considers that address to be his principal residence, at least for purposes of Idaho Code § 49-401B(5), *supra*. Third, Debtor acknowledges that he only stays in the Trailer while in Nevada working, and that if his job were to be transferred to Boise, he would put the Trailer in storage and live with his family in his rented apartment. Third, Debtor considers his "permanent" address to be the Idaho apartment, that he only goes to Nevada to work, and that he has no plans to relocate there permanently. Finally, in response to a question about why he registered the Trailer in Idaho, Debtor testified Idaho is "where my bills are at, my family is at, it's just where I call 'home.'"

There is no question that Debtor resides in the Trailer in Nevada. However, while he logs more days each month in the Trailer than in Idaho, he clearly considers the Trailer to be a temporary residence. In other words, the Trailer is strictly a place Debtor stays while he works, with his permanent residence, and the one at which he maintains his most important contacts, in Idaho. If a debtor's principal residence were to be

MEMORANDUM OF DECISION – 10

fixed based solely upon a simple tally of the number of days spent in one residence or another, Debtor would have no difficulty demonstrating the Trailer was his principal residence.[4] However, in determining the facts, the Court must consider the extent of Debtor's contacts with each residence. By his own admission, Debtor considers Nevada to be his home for work purposes only; all other roads lead to Idaho. Simply put, Debtor has not established that the Trailer qualifies for a homestead exemption.[5]

*Conclusion*

Because no declaration of homestead was filed as to the Trailer, Debtor must demonstrate that the Trailer is his principal residence in order to establish an automatic homestead. Even construing the

---

[4] Of course, this methodology could lead to truly anomalous results in weighing homestead exemption claims. For example, a debtor who owns a traditional residence in Idaho whose family resides there may be deprived of the benefit of the homestead exemption if, for some reason, the debtor were required to spend great portions of time elsewhere to work. The Court doubts the Legislature intended debtors to deny the exemption to all those who travel to work, for example, in the active military.

[5] That the Court's conclusion leaves Debtor with no qualifying homestead exemption does not violate the Bankruptcy Code or Idaho law. *In re Capps*, 438 B.R. at 673-74.

MEMORANDUM OF DECISION – 11

exemption statute liberally in his favor, Debtor has not made the requisite showing. As a result, Trustee's objection to Debtor's exemption claims will be sustained.[6]

A separate order will be entered.

Dated: January 18, 2013

---

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[6] Because Debtor has not established, as a matter of fact, that the Trailer is his principal residence, the Court need not address Trustee's argument that Idaho's homestead exemption may not be used to exempt property located outside of the State.

MEMORANDUM OF DECISION – 12